JS - 6

O

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PRESTAR FINANCIAL CORP.,** | CASE NO. SACV 09-899 AG (RNBx) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(3)** |
| **INFRAEGIS, INC., BACTERIA SCIENCES WORLDWIDE, LLC-BSW, JAMES R. ZILKA, ROBERT ABBOTT, et al.** | |
| Defendants. | |

This case involves a contract dispute. Plaintiff Prestar Financial Corporation ("Plaintiff") filed its Complaint in Orange County Superior Court. Defendants Infraegis, Inc. ("Infraegis"), Bacteria Sciences Worldwide, LLC-BSW ("BSW"), James Zilka ("Zilka"), and Robert Abbott ("Abbott") (collectively, "Defendants") have filed a Motion to Dismiss or Transfer ("Motion"). After considering all papers and arguments submitted, the Motion to Dismiss is GRANTED.

**BACKGROUND**

On June 18, 2009, Plaintiff sued Defendants in Orange County Superior Court for fraud and deceit, negligent misrepresentation, misappropriation of trade secrets, breach of contract,

and breach of implied covenant of good faith and fair dealing.  On August 5, 2009, Defendants removed the action to this Court under 28 U.S.C. §§ 1441 and 1446.

The dispute concerns a written agreement between Plaintiff and Defendant.  The written agreement provides that "the exclusive venue and jurisdiction for any disputes, actions or conflicts with respect to this Agreement shall be the courts of the State of Illinois . . . ." (Complaint, Exh. 1, p.6.)

Defendants now bring this Motion to Dismiss or Transfer.  Defendants request that the case be either dismissed under Federal Rule of Civil Procedure 12(b)(3), or transferred to the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1406(a), because venue is improper under the forum selection clause.  (Motion 3:9-11.)

## ANALYSIS

**1.    TRANSFER UNDER 28 U.S.C. § 1406(a)**

As a preliminary matter, the Court finds that transfer under 28 U.S.C. 1406(a) is not appropriate in this case.  Section 1406(a) requires a district court to transfer any action "laying venue in the wrong division or district."  28 U.S.C. § 1406(a).  However, when an action is voluntarily removed from state court by defendants, as this case was, venue is automatically proper in the federal district court located where the state action was filed.  28 U.S.C. § 1441(a) (providing that venue for an action removed from state court is proper in the district court "embracing the place where such action was pending"); *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663 (1953) ("The venue of removed actions is governed by 28 U.S.C. § 1441(a) . . . . Section 1441(a) expressly provides that the proper venue of a removed action is "the district court of the United States for the district and division embracing the place where such action is pending."); *Kerobo v. Southwestern Clean Fuels*, 285 F.3d 531, 534-36 (6th Cir. 2002); *Kotan v. Pizza Outlet, Inc.*, 400 F. Supp. 2d 44, 46 (D.D.C. 2005); *see* 14C Charles Alan Wright et al., Federal Practice and Procedure § 3726, at 123-24 (3d ed. 1998) (stating that because venue in

removal actions is governed by § 1441, requests for transfer under § 1406(a) are not relevant even if venue would be improper under § 1391(a)); *see also* William W. Schwarzer, A. Wallace Tashima, and James M. Wagstaffe, *Federal Civil Procedure Before Trial* 4:394, at 4-47 (Rutter Group 2007).

Here, the action originated in state court in California and, under § 1441(a), Defendants removed to the federal district court "embracing the place where such action is pending." Because venue in the Central District of California is therefore proper under § 1441(a), transfer is not mandated by § 1406(a).

**2.    DISMISSAL UNDER RULE 12(b)(3)**

A motion to dismiss based on a forum selection clause may properly be treated as a motion to dismiss for improper venue under Rule 12(b)(3). *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir.1996). In considering such a motion, district courts may "consider facts outside of the pleadings." *Id.* But the court must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir.2004). In deciding a Rule 12(b)(3) motion, district courts have the discretion to dismiss the case. *See* 28 U.S.C. § 1406(a).

Federal law applies to the interpretation of forum selection clauses. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir.1988). "Forum selection clauses are prima facie valid, and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.' " *Id.* at 514 (quoting *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)) (modification in original).

The Court finds that dismissal under Rule 12(b)(3) is appropriate here. In *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273 (9th Cir. 1984), the Ninth Circuit held that:

> Absent some evidence submitted by the party opposing enforcement of [a forum selection] clause to establish fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in court, the provision should be respected as the expressed intent of the parties.

*Id.* at 280.

Plaintiff makes no challenge to the validity of the forum selection clause, much less a strong showing that the clause is invalid.  In fact, Plaintiff argues that transfer is inappropriate *because* the forum selection clause requires the parties to litigate in Illinois state courts, rather than federal courts.  (Opp'n 3:5-4:6.)  Further, the forum selection clause in the written agreement appeared immediately above the parties' signature line, and begins with a bold-face heading that says "Governing Law."  (Complaint, Exh. 1, p.6.)  The clause was "conspicuous enough to demonstrate it was communicated reasonably" to Plaintiff.  *Samian v. Advent Product Development*, No. No. EDCV 08-980-VAP (PLAx), 2008 WL 4501497, at *3 (C.D. Cal. Sept. 30, 2008).  The Court finds that Plaintiff has not made a showing that enforcement of the forum selection clause would be unreasonable or unjust, or that the clause is invalid due to fraud or overreaching on the part of Defendants.

The clause states in plain language that "the *exclusive* venue and jurisdiction for any disputes, actions or conflicts with respect to this Agreement *shall* be the courts of the State of Illinois."  (Complaint, Ex. 1, p.6 (emphasis added).)  The parties' use of the words "exclusive" and "shall" shows the parties' intent to make the forum selection clause mandatory rather than permissive.  *See Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) (affirming Rule 12(b)(3) dismissal.

Plaintiff's only argument against dismissal is that "removal of an action under section 1441(a) forecloses the removing party from subsequently claiming that venue is improper." *Gross Belsky Alonso LLP v. Edelson*, No. C 08-4666 SBA, 2009 WL 1505284, at *8 (N.D. Cal.

May 27, 2009) (citing *Hollis v. Florida State Univ.*, 259 F.3d 1295, 1300 (11th Cir. 2001); and *Robles v. USA Truck, Inc.*, No. L-08-122, 2009 WL 677835 at *3 (S.D. Tex. Mar. 12, 2009)). But none of the cases Plaintiff cites involve forum selection clauses. Conversely, in *Tokio Marine & Fire Ins. Co. v. Nippon Express U.S.A., Inc.*, 118 F. Supp. 2d 997, 1000 (C.D. Cal. 2000), a forum selection clause was at issue, and the court held that the defendants did not waive their right to enforce the forum selection clause based upon their removal to federal court. *See also Spradlin v. Lear Siegler Mgmt. Svcs. Co., Inc.*, 926 F.2d 865, 868-69 (9th Cir. 1991) (granting motion to dismiss after removal for improper venue based on forum selection clause). Plaintiff's argument fails, and Defendants' Motion to Dismiss under Rule 12(b)(3) is GRANTED.

**DISPOSITION**

    Defendants' Motion to Dismiss is GRANTED without prejudice.

IT IS SO ORDERED.

DATED: October 19, 2009

                                      _____
                                        Andrew J. Guilford
                                        United States District Judge